[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO REARGUE (DOCKET ENTRY NO. 111)
The parties appeared at short calendar before this court on February 15, 2001, on the plaintiff's motion for appointment of a commissioner to take a non-resident's deposition. That motion was then denied and the parties again appeared before this court on May 3, 2001, on the plaintiff's motion to reargue. The court granted the motion to reargue.
Specifically, the plaintiff seeks permission to take the deposition of the plaintiff's father, Norman Mellor. It is alleged the father and/or his deceased wife (the defendant's mother) created several trusts and that the defendant is a successor trustee of the Mellor Family Living Trust. Trust documents have been requested of the defendant through discovery; the defendant has refused to provide the same. Plaintiff claims the documents are relevant to assess the defendant's opportunity to acquire capital assets/income and to fix the nature and value of the property pursuant to Connecticut General Statute § 46b-81 (c).
At the hearing on February 15, 2001, the defendant testified her father — not she or her two siblings — was the beneficiary of the trust, that her brother was trustee of the trust and that she would become trustee only in the event her siblings were unable to serve, and that, on her father's passing, the trust corpus would pass to his estate. Absent the father specifically disinheriting the defendant, she would potentially CT Page 6454 inherit some portion of the father's interest in the trust. The court then indicated the plaintiff could renew his motion if in fact there was additional information of the defendant's interest in the family trust to consider the issue as other than speculative.
At the rehearing on May 3, 2001, the plaintiff offered as an exhibit the defendant's December 19, 2000, response to interrogatories dated December 11, 2000. The defendant there answered "no" to the question whether she "was a beneficiary of the Bypass Trust created under the Mellor Family Living Trust, dated August 3, 1992, or any other trust forthe benefit of any member of the Norman Hoyt Mellor family" (emphasis added). Norman Hoyt Mellor is the defendant's father. The plaintiff offered as an exhibit a copy of a K-1 schedule for the year 2000, which schedule established this defendant, as beneficiary of a Section 23 Trust, received income of $31,215 for that tax year.
It is relevant the defendant, on February 15, 2001, testified that, in responding to the interrogatories above referenced, "I asked specifically the questions that I was supposed to answer for the interrogatories, and the answer to the question am I a beneficiary of a trust is — the answer is no, I am not a beneficiary of any trust." (See pp. 6-7 of hearing transcript.) She asserted she asked those questions of her brother, the trustee of the trust. See p. 7 of transcript.
The K-1 schedule identifies the defendant as a "beneficiary" under a "Section 23 Trust"; thus, it is not so, as she has testified that she is "not a beneficiary of any trust." If the plaintiff's wording of the interrogatory in question is less than artful regarding the Mellor Trust, it is perhaps only because the defendant has denied him access to the trust documents. The interrogatory language is, however, clearly sufficiently broad to have elicited the information established by the referenced K-1. Discovery is not an exercise of "duck and dodge." The plaintiff is entitled to more forthright responses and to inquire further with regard to the defendant's assets.
The plaintiff's motion to appoint a commission to secure the deposition of Dr. Norman Mellor in California on a date and time to be agreed upon by counsel or upon further order of this court is granted.
SO ORDERED.
 _____________________ SHEEDY, JUDGE